PRIORITY

Priority
Send
Enter
Closed
JS-5/JS-6   N/A
JS-2/JS-3 ———
Scan Only———

ENTERED
CLERK, U.S. DISTRICT COURT

AUG 16 2006

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

Case No.   CV-04-10112 ABC (MANx)                     Date   August 15, 2006

Title      Victoria Youngblood v. Jo Anne B. Barnhart

---

Present: The
Honorable          Audrey B. Collins                    Priority Sent

Daphne Alex                    Not present                    N/A
_____                _____        _____
Deputy Clerk              Court Reporter / Recorder        Tape No.

Attorneys Present for Plaintiffs:              Attorneys Present for Defendants:

None                                          None

Proceedings:      PLAINTIFF'S EX PARTE APPLICATION TO AMEND COMPLAINT TO
                  INCLUDE A CLAIM FOR RETALIATION  (In Chambers)

THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d).

DOCKETED ON CM
AUG 16 2006

        This meritless ex parte application to file a supplemental complaint is summarily DENIED
without the necessity for the Defendant to respond. Although the defects are almost too numerous to
elucidate, the Court will briefly do so.

        First, there is no indication that Plaintiff's counsel gave the required notice under Local Rule
7-19. Next, the ex parte totally fails to comply with the substantive requirements of an ex parte
application. Worse yet, the ex parte application does not even address the requirements laid down in
Mission Power Co. v. Continental Cas. Co., 883 F. Supp. 488 (C.D. Cal.1995) and requested at
paragraph five of this Court's Order Re: Conference, Motions and Ex Partes. This Court's order
admonishes counsel that ex partes that fail to comply with Mission Power and the notice requirements of
the Local Rules will not be considered.

        Second, although the Court has read many ex partes over the years that failed in some way to
comply with Mission Power or the Court's rules, the Court does not believe it has ever seen an ex parte
that totally ignores each and every ex parte requirement. In fact, other than styling itself an ex parte,
Plaintiff's counsel gives no hint and no clue as to why he filed it as such in the first place. There is no
discussion of a crisis or emergency that prompted such a filing. Neither is there a discussion of
Plaintiff's diligence in preventing such a crisis, or of needing the Court's assistance because a regularly
noticed motion would come too late. Nowhere is there a hint of why this matter should interrupt the
Court's burdensome schedule to demand priority when in fact, the so-called ex parte application makes
it clear that Plaintiff has been experiencing the alleged retaliation that forms the basis of the amendment
almost from the moment of filing her complaint some years ago.

        Lastly, the ex parte fails to comply with the procedural requirements of Mission Power that there
be a separate document explaining the necessity for an ex parte, accompanied by the actual motion to be

---

CV-90 (06/04)                        CIVIL MINUTES - GENERAL                        Page 1 of 2

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 04-10112 ABC (MANx)                                   Date   August 15, 2006

Title   <u>Victoria Youngblood v. Jo Anne B. Barnhart</u>

---

filed. Of course, given that Plaintiff totally fails to address the reason for the ex parte, Plaintiff would of necessity fail to meet this procedural requirement. In short, there is no document explaining the necessity for an ex parte. Instead, the brief and inadequate document before the Court appears to attempt to justify why the Plaintiff's amendment should be allowed.

In order to impress upon Plaintiff's counsel the severity of the Court's displeasure with what is probably the most meritless ex parte this Court has seen in twelve years, the Court seriously considered levying personal sanctions against Plaintiff's counsel. Although the Court has elected not to do so, Plaintiff's Counsel should heed well the following admonition:

> **If Plaintiff's counsel files another ex parte – in this case or any other case in which he appears before this Court – that fails to meet ANY of the requirement noted above, including the notice requirements, the procedural requirements or the substantive requirements laid down by <u>Mission Power</u>, the Local Rules and/or this Court's Order Re: Conference and Motions, this Court WILL sanction Plaintiff's counsel, Irving Meyer, at least $1,000.00 pursuant to Rule 11, 28 U.S.C. § 1927, or both.**

IT IS SO ORDERED.

Initials of Preparer   _DA_

---